**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **TERENCE NASHAWN GLENN,**<br>**Plaintiff,**<br>**v.**<br>**OCEAN 650 MANAGEMENT, et al.,**<br>**Defendants.** | **Civil Action No. 26-14037-FDS** |

**ORDER**

**SAYLOR, J.**

Terence Nashawn Glenn, who is proceeding *pro se*, has filed a civil complaint against Ocean 650 Management and Greystar Revere LLC. The complaint alleges that defendants violated the federal Fair Housing Act by evicting him at a time when his serious medical needs required that he have stable and sanitary housing to recover from surgery. Plaintiff also filed motions for leave to proceed *in forma pauperis*, leave to file an amended complaint, a temporary restraining order and preliminary injunction, and an expedited decision on the motion for injunctive relief. Upon review of the filings, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. Because plaintiff may amend his complaint once as a matter of right at this juncture of the litigation, *see* Fed. R. Civ. P. 15(a)(1), his motion for leave to file an amended complaint is GRANTED. The proposed first amended complaint shall be the operative pleading.

3. When a litigant is allowed to proceed without payment of the filing fee, the court must conduct a preliminary screening of the complaint before requiring a defendant to respond. The court may dismiss any claim that is malicious or frivolous, fails to state a claim upon which

relief can be granted, or seeks monetary relief from a party who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting that review, the court must liberally construe the complaint because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The FHA prohibits discrimination against a handicapped person "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of [the person's] handicap." 42 U.S.C. § 3604(f)(2)(C). Such discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." § 3604(f)(3)(B).

The complaint asserts two claims under the FHA. Count 1 is a claim for "Constructive Refusal to Provide Reasonable Accommodation," which alleges that "[b]y accelerating an eviction and executing a physical and digital lockout that knowingly severed the Plaintiff's medical baseline and blocked access to life-sustaining treatments, the Defendants constructively and flatly refused to grant essential reasonable accommodations in direct violation of 42 U.S.C. § 3604(f)(3)(B)." Amended Complaint ¶ 22. Count 2 is a claim for "Retaliatory Interference and Coercion," which alleges that defendants "utilized the mechanics of physical displacement and an electronic system lockout as a retaliatory weapon, fully aware that disrupting the home environment during an active, documented post-surgical recovery cycle which would induce a catastrophic medical crisis." *Id.* ¶ 25.

In his motion for injunctive relief, plaintiff asks that defendants "issue a Mandatory Order compelling Defendants Greystar Real Estate Partner, LLC and Ocean 650 Management Unit to immediately restore the Plaintiff to an available, comparable accessible unit within the property

from which he was displaced in June 20026, to allow for the immediate stabilization of his daily medical care and PCA infrastructure." (Dkt. No. 5 at 5-6).

In evaluating the merits of plaintiff's claims, the Court has also reviewed the proceedings in *Glenn v. Ocean 650/Greystar*, C.A. No. 26-10252-ADB (D. Mass.) and the related state-court summary-process proceeding against him and one other tenant in *Greystar Revere, LLC v. Joseph Shamir and Terence Glenn*, 25H84SP007200 (E. Hous. Ct., Mass.).[1] In a May 1, 2026 electronic order, Judge Burroughs concluded that the summary-process action was not commenced in retaliation for plaintiff's request for a "reasonable accommodation" (which was, at that time, a two-bedroom apartment) "because [Greystar]'s efforts to evict Plaintiff began before Plaintiff requested transfer to a two-bedroom apartment," and granted Greystar's motion for judgment on the pleadings. *Glenn v. Ocean 650/Greystar*, C.A. No. 26-10252-ADB (Dkt. No. 48). And the online state-court docket sheet indicates that (1) on May 1, 2026, a judgment of default entered against plaintiff and (2) on June 2, 2026, an execution for possession and money was entered against him.[2]

The fact that plaintiff is subject to a judgment of possession forecloses his ability to succeed on the claims for relief asserted here. Furthermore, the complaint does not plausibly plead that defendants have unlawfully discriminated against him on the basis of disability. He does not allege that defendants have treated him differently than those who are not disabled. And because a state court has determined that Greystar can evict him for failure to pay rent, he does not have any protected right "to use and enjoy [the] dwelling." Finally, the complaint does

---

[1] *See Wiener v. MIB Group, Inc.*, 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting *Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

[2] The unofficial docket of this action is available to the public through www.masscourt.org (last visited Sept. 11, 2026).

not allege any facts showing that defendants retaliated against him for exercising his rights under the FHA.

Accordingly, because the complaint fails to state a claim upon which relief can be granted, it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

4. The motion for a temporary restraining order and preliminary injunction (Dkt. No. 5) are DENIED as moot.

**So ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 4, 2026